# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUVENAL ACEVEDO LEMOS, | ) 1:10-cv—01302-BAM-HC |
| | ) |
|                Petitioner, | ) ORDER SUBSTITUTING ACTING WARDEN |
| | ) CONNIE GIPSON AS RESPONDENT |
|   v. | ) |
| | ) ORDER DENYING THE PETITION FOR |
| CONNIE GIPSON, Acting Warden, | ) WRIT OF HABEAS CORPUS (DOC. 1) |
| | ) AND DIRECTING THE CLERK TO ENTER |
|                Respondent. | ) JUDGMENT FOR RESPONDENT |
| | ) |
| _____ | ) ORDER DECLINING TO ISSUE A |
| | CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in signed writings filed by Petitioner on August 18, 2010 (doc. 5), and on behalf of Respondent on March 1, 2011 (doc. 10). Pending before the Court is the petition, which was filed on July 21, 2010. Respondent filed an answer on March 3, 2011. Petitioner filed a traverse on April 6, 2011.

1

1        I.   Substitution of Respondent's Successor

2        Fed. R. Civ. P. 25(d) provides that an action does not abate

3   when a public officer who is a party in an official capacity

4   dies, resigns, or otherwise ceases to hold office while the

5   action is pending; rather, the officer's successor is

6   automatically substituted as a party.  The rule further provides

7   that a court may at any time order substitution, but the absence

8   of such an order does not affect the substitution.

9        Petitioner initially named as Respondent R. Lopez, Warden.

10  Presently the official website of the California Department of

11  Corrections and Rehabilitation (CDCR)[1] reflects that Connie

12  Gipson is acting as warden of the California State Prison at

13  Corcoran (CSP-COR), where the docket reflects that Petitioner is

14  currently confined.

15       Accordingly, it will be ordered that Connie Gipson, Acting

16  Warden, be substituted as Respondent.

17       II.   Procedural Summary

18       In Kings County Superior Court case number 07CM7675,

19  Petitioner was convicted of one count of child molestation and

20  one count of rape pursuant to his guilty plea. (Ans., unnumbered

21  exhibit, doc. 11, 10; CT 95.)[2]  Petitioner was sentenced to

22  eighteen years in prison.  (Ans., doc. 11, 10.)  Petitioner

23

24       [1] The Court may take judicial notice of facts that are capable of
    accurate and ready determination by resort to sources whose accuracy cannot
25  reasonably be questioned, including undisputed information posted on official
    web sites.  Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331,
26  333 (9th Cir. 1993); Daniels-Hall v. National Education Association, 629 F.3d
    992, 999 (9th Cir. 2010). The address of the official website for the CDCR is
27  http://www.cdcr.ca.gov.

28       [2] "CT" refers to the clerk's transcript of the trial court proceedings
    that was lodged in this Court by Respondent.

1  appealed the judgment to the Court of Appeal of the State of

2  California, Fifth Appellate District (CCA), which affirmed the

3  judgment in case number F055996 in an opinion filed on June 18,

4  2009. (Id.)  Petitioner sought review of the CCA's decision in

5  the California Supreme Court (CSC), which denied the petition for

6  review on August 26, 2009, without a statement of reasoning or

7  authority.  (LD 7, 8.)[3]

8      II.  Standard of Decision and Scope of Review

9      Because the petition was filed after April 24, 1996, the

10  effective date of the Antiterrorism and Effective Death Penalty

11  Act of 1996 (AEDPA), the AEDPA applies in this proceeding.  Lindh

12  v. Murphy, 521 U.S. 320, 327 (1997), cert. denied, 522 U.S. 1008

13  (1997); Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999).

14      A district court may entertain a petition for a writ of

15  habeas corpus by a person in custody pursuant to the judgment of

16  a state court only on the ground that the custody is in violation

17  of the Constitution, laws, or treaties of the United States. 28

18  U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362,

19  375 n.7 (2000); Wilson v. Corcoran, 562 U.S. –, –, 131 S.Ct. 13,

20  16 (2010) (per curiam).

21      Title 28 U.S.C. § 2254 provides in pertinent part:

22      (d) An application for a writ of habeas corpus on
   behalf of a person in custody pursuant to the
23  judgment of a State court shall not be granted
   with respect to any claim that was adjudicated
24  on the merits in State court proceedings unless
   the adjudication of the claim–
25
       (1) resulted in a decision that was contrary to,
26  or involved an unreasonable application of, clearly
   established Federal law, as determined by the
27

28          [3] "LD" refers to documents lodged by Respondent in support of the answer.

Supreme Court of the United States; or

(2) resulted in a decision that was based on an
unreasonable determination of the facts in light
of the evidence presented in the State court
proceeding.

Clearly established federal law refers to the holdings, as
opposed to the dicta, of the decisions of the Supreme Court as of
the time of the relevant state court decision. Cullen v.
Pinholster, - U.S. -, 131 S.Ct. 1388, 1399 (2011); Lockyer v.
Andrade, 538 U.S. 63, 71 (2003); Williams v. Taylor, 529 U.S.
362, 412 (2000). A state court's decision contravenes clearly
established Supreme Court precedent if it reaches a legal
conclusion opposite to, or substantially different from, the
Supreme Court's or concludes differently on a materially
indistinguishable set of facts. Williams v. Taylor, 529 U.S. at
405-06. A state court unreasonably applies clearly established
federal law if it either 1) correctly identifies the governing
rule but then applies it to a new set of facts in a way that is
objectively unreasonable, or 2) extends or fails to extend a
clearly established legal principle to a new context in a way
that is objectively unreasonable. Hernandez v. Small, 282 F.3d
1132, 1142 (9th Cir. 2002); see, Williams, 529 U.S. at 407. An
application of clearly established federal law is unreasonable
only if it is objectively unreasonable; an incorrect or
inaccurate application is not necessarily unreasonable.
Williams, 529 U.S. at 410.

A state court's determination that a claim lacks merit
precludes federal habeas relief as long as it is possible that
fairminded jurists could disagree on the correctness of the state

1  court's decision.  <u>Harrington v. Richter</u>, 562 U.S. -, 131 S.Ct.

2  770, 786 (2011).

3      III.  <u>The Trial Court's Failure to Consider Petitioner's
           Statements as a Motion for Substitution of Counsel</u>

4

5      Petitioner argues that the trial court violated his right to

6  the assistance of counsel under the Sixth and Fourteenth

7  Amendments when it failed to consider statements made by

8  Petitioner to the court as a motion for substitution of his

9  appointed counsel.  Petitioner relies on <u>People v. Marsden</u>, 2

10 Cal.3d 118 (1970), in which the court held that the trial court

11 abused it discretion by denying a defendant's motion for

12 substitution of court-appointed counsel without giving the

13 defendant an opportunity to state the reasons for the request;

14 the court reasoned that a right to appointed counsel includes the

15 right to discharge counsel or to a substitution of alternate

16 counsel if it is shown that failure to do so would substantially

17 impair or deny the right to the assistance of counsel.

18     A.  <u>The State Court Decision</u>

19     The last reasoned state court decision on this issue was the

20 decision of the CCA in Petitioner's direct appeal.[4]

21     The presumption of § 2254(e)(1) that a state court

22 determination of a factual issue is correct applies to a

23

24     [4]The last reasoned decision must be identified in order to analyze the
   state court decision pursuant to 28 U.S.C. § 2254(d)(1).  <u>Barker v. Fleming</u>,
   423 F.3d 1085, 1092 n.3 (9th Cir. 2005); <u>Bailey v. Rae</u>, 339 F.3d 1107, 1112-13
25 (9th Cir. 2003).  Here, the CCA's decision was the last reasoned decision in
   which the state court adjudicated Petitioner's claim on the merits.  Where
26 there has been one reasoned state judgment rejecting a federal claim, later
   unexplained orders upholding that judgment or rejecting the same claim are
   presumed to rest upon the same ground.  <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 803
27 (1991).  This Court will thus "look through" the unexplained decision of the
   California Supreme Court to the CCA's last reasoned decision as the relevant
28 state-court determination.  <u>Id.</u> at 803-04; <u>Taylor v. Maddox</u>, 366 F.3d 992, 998
   n.5 (9th Cir. 2004).

statement of facts drawn from a state appellate court's decision. <u>Moses v. Payne</u>, 555 F.3d 742, 746 n.1 (9th Cir. 2009).  The following statement of facts and legal analysis is taken from the decision of the CCA in <u>People v. Juvenile Acevedo Lemos</u>, case number F055996:

> On July 1, 2008,FN3 the Kings County District Attorney charged defendant with 23 counts related to child molestation and rape.FN4
>
> > FN3. All date references occurred in the calendar year 2008 unless otherwise stated.
> >
> > FN4. Defendant was assisted by a translator at all hearings.
>
> At the change of plea hearing on August 8, defendant pled guilty to one count of child molestation and one count of rape. Defendant accepted a stipulated sentence on both charges, totaling 18 years, and pled guilty. At that time, the trial court accepted defendant's waiver of various rights.
>
> The following discussion then occurred:
>
> "THE COURT: Do you understand what you're accused of doing in this Information, [defendant]?
>
> "THE DEFENDANT: Yes.
>
> "THE COURT: Have you had sufficient time to think about this, [has] your attorney answer[ed] any questions that you might have concerning this procedure?
>
> "THE DEFENDANT: Yes.
>
> "THE COURT: Any additional questions you want to ask her?
>
> "THE DEFENDANT: No.
>
> "THE COURT: You're satisfied with her services?
>
> "THE DEFENDANT: Yes.
>
> "THE COURT: All right. Other than what's been stated here in court, anybody make any promises to you or extend any benefit to you to get you to change your plea?
>
> "THE DEFENDANT: No.

"THE COURT: Anyone threaten you in any way?

"THE DEFENDANT: No.

"THE COURT: Are you doing this freely and voluntarily, of your own choice?

"THE DEFENDANT: Yes."

At an August 18 hearing, the trial court announced that it was prepared to hold the sentencing hearing, which was scheduled for the following day, if defendant was prepared to waive his right to be sentenced at the later time.

The following colloquy ensued:

"[DEFENSE COUNSEL]: He says today is fine, your Honor.

"THE COURT: Okay. [¶] [Defendant], you'd like to go ahead with the sentencing today?

"THE DEFENDANT: No.

"THE COURT: I don't know whether you understood my question. You seem to have just answered contrary to what your lawyer told me .[¶] Do you want to proceed with the sentencing hearing today or do you want to come back tomorrow?

"THE DEFENDANT: If you want to sentence me today or tomorrow, that's fine. But I'm not going to sign because I feel betrayed.

"THE COURT: I don't know whether that's a waiver or not. If [defendant] doesn't want to be sentenced today we'll bring him back tomorrow.

"THE DEFENDANT: Okay. [¶] I'm not going to sign. If you want to take care of it today that's fine because she told me that she was going to appeal my case.

"THE COURT: Okay. [Defendant] seems-

"THE DEFENDANT: And I have understood that if I sign I cannot appeal my case.

"THE COURT: Nobody's asking you to sign anything at this point, [defendant]. We're just trying to find out whether you're agreeing to be sentenced today. It sounds to me like you are agreeing to that so I'm taking that as apparently a waiver of your right-

"THE DEFENDANT: Yes.

"THE COURT:-to be sentenced tomorrow."

The trial court then entered judgment on the stipulated sentence.

DISCUSSION

Defendant contends that the trial court erred by failing to inquire after his *Marsden* motion for substitution of counsel. We disagree.

An indigent defendant has a constitutional right to the assistance of appointed counsel for his defense. (U.S. Const., 6th Amend.; *Marsden, supra*, 2 Cal.3d at p. 123.) If a defendant can show that representation by his appointed counsel "' "would substantially impair or deny the right [to have the assistance of counsel]," ' " the court must appoint substitute counsel. (*Marsden, supra*, at p. 123.)

To raise a *Marsden* motion, however, the defendant has a duty to communicate to the court that he desires substitute counsel. *(People v. Lucky* (1988) 45 Cal.3d 259, 281, fn. 8.) Defendant need not make "a proper and formal legal motion, but at least some clear indication ... that he wants a substitute attorney." (*Ibid.*) Defendant's written or spoken statements must be sufficient to put the trial court on notice that he is making a *Marsden* motion. (See *People v. Lucky, supra*, at p. 281; see *People v. Eastman* (2007) 146 Cal.App.4th 688, 695 (*Eastman*).)

For example, in *Eastman*, upon which defendant relies, we reversed the trial court's ruling and found *Marsden* error. (*Eastman, supra*, 45 Cal.3d 688 at p. 695.) There, Eastman submitted a letter asserting that his counsel had failed to adequately represent his interest. (*Ibid.*) "The letter on its face stated *at least one specific factual complaint* about Eastman's appointed attorney: that he was acting in cahoots with the district attorney when they persuaded him to accept the plea bargain by falsely telling him his mother was going to testify against him." (*Ibid.*, italics added.)

When the defendant raises a *Marsden* motion, the trial court is required to inquire as to the basis of the motion. (*People v. Molina* (1977) 74 Cal.App.3d 544, 549 (*Molina*).) "[T]he duty of trial court inquiry into the reasons why a defendant seeks to discharge counsel applies only when the defendant asserts directly or by implication that his counsel's performance has been so inadequate as to deny him his constitutional right to effective counsel." (*Ibid.*) Defendant's statements "must be clear and unequivocal." (*People v. Rivers*

8

(1993) 20 Cal.App.4th 1040, 1051, fn. 7.)

When a defendant contends on appeal that his ambiguous statements of dissatisfaction constituted a Marsden motion, the question is "one of the nature and degree of expression of dissatisfaction which triggers the duty of the trial court to inquire into the defendant's reasons for desiring new counsel." (*Molina*, supra, 74 Cal.3d at p. 549.)

Here, defendant asserts that his remarks at the August 18 hearing should have been understood as a clear statement that appointed counsel "betrayed" him by misrepresenting his ability to appeal following his change of plea. When the court attempted to clarify defendant's statements, which contradicted statements by his counsel, defendant said, "I'm not going to sign because I feel betrayed." After the court attempted to clarify once more, defendant went on to say, "[S]he told me that she was going to appeal my case. [¶] ... [¶] And I have understood that if I sign I cannot appeal my case."

No part of defendant's statements here rose to the level of those made by the defendant in *Eastman*. Defendant's statements failed to set forth any factual complaints about the adequacy of his counsel. Moreover, we cannot say whether defendant's dissatisfaction was even directed at his counsel. In our opinion, these statements informed the trial court only that defendant was dissatisfied with something, and that was not enough. If indeed defendant had been coerced into his change of plea, "betrayed" in some grievous way, or otherwise prejudiced by the inadequacies of his counsel prior to pleading guilty, he could have raised such concerns when they were directly addressed by the court at his August 8 change of plea hearing. Additionally, defendant retained the ability to assert a *Marsden* motion even after the change of plea hearing, and he did not. During its August 18 dialogue with defendant, the court gave him ample opportunity to convey his thoughts, and he failed to do so. The statements that defendant did make failed to rise to the level of the implication required under *Molina.*

We conclude that the trial court did not commit error by failing to treat defendant's vague statements as a *Marsden* motion.

(Ans., doc. 11, 10-12.)

        B.   Analysis

        Under § 2254(d)(1), Petitioner is not entitled to relief in

1  this proceeding unless at the time of the state court decision,

2  the Supreme Court had held that under the circumstances, the

3  Sixth and Fourteenth Amendments imposed on the state court the

4  duty to employ the state <u>Marsden</u> procedure to investigate whether

5  Petitioner had cause for substitution of his appointed counsel,

6  or that the trial court's handling of Petitioner's complaints

7  denied Petitioner his right to the effective assistance of

8  counsel.

9        First, to the extent that the <u>Marsden</u> prophylaxis is based

10  on state law, Petitioner has failed to state a claim that would

11  entitle him to relief in a proceeding pursuant to 28 U.S.C.

12  § 2254.  Federal habeas relief is not available to retry a state

13  issue that does not rise to the level of a federal constitutional

14  violation.  <u>Wilson v. Corcoran</u>, 562 U.S. at 16; <u>Estelle v.</u>

15  <u>McGuire</u>, 502 U.S. 62, 67-68 (1991).  Thus, alleged errors in the

16  application of state law are not cognizable in federal habeas

17  corpus.  <u>Souch v. Schaivo</u>, 289 F.3d 616, 623 (9th Cir. 2002).  In

18  a habeas proceeding, this Court is bound by the California

19  Supreme Court's interpretation of California law unless it is

20  determined that the interpretation is untenable or a veiled

21  attempt to avoid review of federal questions.  <u>Murtishaw v.</u>

22  <u>Woodford</u>, 255 F.3d 926, 964 (9th Cir. 2001).

23        Here, there does not appear to be any reason not to apply

24  the basic principle that Petitioner's state law claim does not

25  entitle Petitioner to relief.

26        To the extent that Petitioner bases his claim on the

27  Constitution, the Court has not found any direct precedent from

28  the Supreme Court holding that the Constitution is offended by

10

either the denial of a motion to relieve defense counsel or, more specifically, the failure of a court to interpret a defendant's generalized statements of dissatisfaction with counsel as a motion to substitute counsel.  It is not an unreasonable application of clearly established federal law for a state court to decline to apply a specific legal rule that has not been squarely established by the Supreme Court.  <u>Knowles v. Mirzayance</u>, 556 U.S. 111, 122 (2009).

Insofar as Petitioner is arguing that the state court decision violated his underlying right under the Sixth and Fourteenth Amendments to the effective assistance of counsel, Petitioner has not stated facts showing a right to relief pursuant to § 2254.

The Supreme Court has held that the right to the assistance of appointed counsel and the principles of substantial equality and fair process entitle a defendant to counsel who functions in the active role of an advocate who can assist the client with honor and without conflict.  <u>Entsminger v. State of Iowa</u>, 386 U.S. 748, 751 (1967); <u>Anders v. State of California</u> 386 U.S. 738, 744 (1967).  However, a defendant fails to establish a violation of the Sixth Amendment right to counsel absent a showing that counsel actively represented conflicting interests and that it adversely affected the lawyer's performance.  <u>Cuyler v. Sullivan</u>, 446 U.S. 335, 350 (1980).  Further, a trial court has a duty to inquire into a potential conflict of interest only when it knows or reasonably should know that a particular conflict exists.  <u>Id.</u> at 346-47.

Absent these requirements, this Court has found no Supreme

Court case that holds that the Sixth Amendment is violated when a defendant is represented by a lawyer free of actual conflicts of interest but whom the defendant dislikes or distrusts, or with whom the defendant refuses to cooperate.  See, Plumlee v. Masto, 512 F.3d 1204, 1211 (9th Cir. 2008), cert. den., 553 U.S. 1085 (2008).  The Sixth Amendment requires only competent representation and does not guarantee a "meaningful relationship" between an accused and counsel.  Morris v. Slappy, 461 U.S. 1, 13-14 (1983).

Here, the record is devoid of facts that would have caused the trial court to know or to have reason to know of the existence of either a conflict of interest or any other deficiency that would support a finding of a violation of the right to counsel.  Petitioner did not provide details with respect to his dissatisfaction or request substitution of counsel or any other type of relief.  Thus, the state court's decision finding no duty to hold a Marsden hearing was not contrary to, or an unreasonable application of, clearly established federal law.

In this circuit, it is recognized that a motion to substitute appointed counsel based on an allegation of an irreconcilable conflict implicates a defendant's Sixth Amendment right to counsel.  Schell v. Witek, 218 F.3d 1017, 1023 (9th Cir. 2000).  When such a motion is timely made, a trial court must perform on the record an appropriate inquiry into the grounds for the motion and must resolve the matter on the merits before the case proceeds.  Id. at 1025.  It must be determined whether any conflict between counsel and his client was such that it resulted in a total lack of communication or other significant impediment

that resulted in turn in an attorney-client relationship that
fell short of that required by the Sixth Amendment. Id. at 1026.

Here, the parties have not pointed to any part of the record
that shows either that Petitioner clearly and unambiguously
sought relief with respect to his counsel, or that Petitioner
believed he had grounds to do so.

Petitioner has not alleged any facts that would demonstrate
a conflict of interest. Petitioner affirmatively expressed
satisfaction with his counsel's representation at the time he
entered his plea, and he further indicated that he was entering a
plea freely and voluntarily. Throughout the pertinent
proceedings, the record reflects that Petitioner communicated
with his counsel. Thus, any feeling of betrayal referred to by
Petitioner does not appear to have had any serious effect on the
attorney-client relationship.

In the context of waiving time for sentencing, Petitioner
refused "to sign" because he felt betrayed, and he understood
that if he signed, he could not appeal his case. It is uncertain
to what Petitioner was referring; however, it appears to relate
somehow to the viability or scope of any right to appeal from the
judgment Petitioner anticipated would be rendered against him
that day. Nevertheless, when given the opportunity, Petitioner
did not challenge his plea, decline to waive time for sentencing,
or otherwise maintain that progress towards sentencing and
judgment was inappropriate or contrary to his desires.
Petitioner did not say anything that indicated that there was
reason even to suspect a conflict of interest, total breakdown in
communication, or any other problem that would have shown either

1  that counsel was not acting as counsel, or that counsel's

2  representation was defective and caused Petitioner legally

3  sufficient prejudice.

4      Looking more broadly to the Petitioner's right to the

5  effective assistance of counsel, Petitioner has not shown that he

6  was deprived of that right by the state court's decision

7  concerning the trial court's handling of his generalized

8  complaints at the sentencing hearing.  Petitioner has not shown

9  that identified acts or omissions of counsel resulted in

10 counsel's representation falling below an objective standard of

11 reasonableness, that any substandard conduct deprived Petitioner

12 of a fair trial with a reliable result, or that otherwise there

13 was a reasonable probability that but for counsel's

14 unprofessional errors, the result would have been different.

15 See, Strickland v. Washington, 466 U.S. 668, 687-94 (1984).

16     Here, in its decision the state court articulated legal

17 standards that are compatible with Strickland v. Washington and

18 consistent with Cuyler v. Sullivan.  The state court decision was

19 not contrary to, or an unreasonable application of, those

20 standards.

21     It is therefore concluded that Petitioner has not shown that

22 he is entitled to relief pursuant to § 2254.

23     IV.   New Claim in the Traverse

24     Petitioner raises a new claim for the first time in his

25 traverse.  Petitioner argues that he was convicted on the basis

26 of a guilty plea that was the product of the ineffective

27 assistance of counsel.  (Doc. 12, 1.)

28     It is improper to raise substantively new issues or claims

14

1  in a traverse, and a court may decline to consider such matters;

2  in order to raise new issues, a petitioner must obtain leave to

3  file an amended petition or additional statement of grounds.

4  See, Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994),

5  cert. den., 514 U.S. 1026 (1995).

6      Petitioner has not moved to amend the petition; he has not

7  otherwise justified his failure to raise this contention earlier

8  in this proceeding.

9      Further, Petitioner has not shown that he has exhausted his

10 state court remedies as to such a claim.[5]

11     Accordingly, the Court will decline to consider Petitioner's

12 contention that his guilty plea was the product of the allegedly

13 ineffective assistance of counsel.

14     In summary, the Court concludes that the state court

15 decision was not contrary to, or an unreasonable application of,

16 clearly established federal law.

17     Accordingly, the petition for writ of habeas corpus will be

18 denied.

19     V.  Certificate of Appealability

20     Unless a circuit justice or judge issues a certificate of

21 appealability, an appeal may not be taken to the Court of Appeals

22 from the final order in a habeas proceeding in which the

23 detention complained of arises out of process issued by a state

24

25 [5] In the petition for review filed in the California Supreme Court,
Petitioner argued that his expression of dissatisfaction required an inquiry
because if Petitioner had been misled or falsely induced to plead guilty,
26 neither the guilty plea nor the sentence could stand. (LD 7, 9.)  Further,
Petitioner argued that the California Supreme Court should order the trial
27 court to hold a Marsden hearing and to determine if Petitioner wished to
withdraw his guilty plea and if such a request were valid.  (Id. at 10.)
28 However, Petitioner did not claim that his plea was invalid or seek to
withdraw his plea on that ground.

court.  28 U.S.C. § 2253(c)(1)(A); <u>Miller-El v. Cockrell</u>, 537
U.S. 322, 336 (2003).  A certificate of appealability may issue
only if the applicant makes a substantial showing of the denial
of a constitutional right.  § 2253(c)(2).  Under this standard, a
petitioner must show that reasonable jurists could debate whether
the petition should have been resolved in a different manner or
that the issues presented were adequate to deserve encouragement
to proceed further.  <u>Miller-El v. Cockrell</u>, 537 U.S. at 336
(quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).  A
certificate should issue if the Petitioner shows that jurists of
reason would find it debatable whether the petition states a
valid claim of the denial of a constitutional right and that
jurists of reason would find it debatable whether the district
court was correct in any procedural ruling.  <u>Slack v. McDaniel</u>,
529 U.S. 473, 483-84 (2000).

     In determining this issue, a court conducts an overview of
the claims in the habeas petition, generally assesses their
merits, and determines whether the resolution was debatable among
jurists of reason or wrong.  <u>Id.</u>  It is necessary for an
applicant to show more than an absence of frivolity or the
existence of mere good faith; however, it is not necessary for an
applicant to show that the appeal will succeed.  <u>Miller-El v.
Cockrell</u>, 537 U.S. at 338.

     A district court must issue or deny a certificate of
appealability when it enters a final order adverse to the
applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

     Here, it does not appear that reasonable jurists could
debate whether the petition should have been resolved in a

different manner.  Petitioner has not made a substantial showing
of the denial of a constitutional right.

    Accordingly, the Court will decline to issue a certificate
of appealability.

    VI.  <u>Disposition</u>

    Accordingly, it is ORDERED that:

    1)  Connie Gipson, Acting Warden of the California State
Prison at Corcoran, is SUBSTITUTED as Respondent; and

    2)  The petition for writ of habeas corpus is DENIED; and

    3)  The Clerk is DIRECTED to enter judgment for Respondent;
and

    4)  The Court DECLINES to issue a certificate of
appealability.

    IT IS SO ORDERED.

**Dated:**   **July 25, 2012**          **/s/ Barbara A. McAuliffe**
                                   UNITED STATES MAGISTRATE JUDGE