# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUVENAL ACEVEDO LEMOS, | ) 1:10-cv—01302-BAM-HC |
| | ) |
| Petitioner, | ) ORDER SUBSTITUTING ACTING WARDEN |
| | ) CONNIE GIPSON AS RESPONDENT |
| v. | ) |
| | ) ORDER DENYING THE PETITION FOR |
| CONNIE GIPSON, Acting Warden, | ) WRIT OF HABEAS CORPUS (DOC. 1) |
| | ) AND DIRECTING THE CLERK TO ENTER |
| Respondent. | ) JUDGMENT FOR RESPONDENT |
| | ) |
| | ) ORDER DECLINING TO ISSUE A |
| | ) CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in signed writings filed by Petitioner on August 18, 2010 (doc. 5), and on behalf of Respondent on March 1, 2011 (doc. 10). Pending before the Court is the petition, which was filed on July 21, 2010. Respondent filed an answer on March 3, 2011. Petitioner filed a traverse on April 6, 2011.

I.   Substitution of Respondent's Successor

Fed. R. Civ. P. 25(d) provides that an action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending; rather, the officer's successor is automatically substituted as a party.  The rule further provides that a court may at any time order substitution, but the absence of such an order does not affect the substitution.

Petitioner initially named as Respondent R. Lopez, Warden. Presently the official website of the California Department of Corrections and Rehabilitation (CDCR)[1] reflects that Connie Gipson is acting as warden of the California State Prison at Corcoran (CSP-COR), where the docket reflects that Petitioner is currently confined.

Accordingly, it will be ordered that Connie Gipson, Acting Warden, be substituted as Respondent.

II.   Procedural Summary

In Kings County Superior Court case number 07CM7675, Petitioner was convicted of one count of child molestation and one count of rape pursuant to his guilty plea. (Ans., unnumbered exhibit, doc. 11, 10; CT 95.)[2]  Petitioner was sentenced to eighteen years in prison.  (Ans., doc. 11, 10.)  Petitioner

---

[1] The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, including undisputed information posted on official web sites.  Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993); Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). The address of the official website for the CDCR is http://www.cdcr.ca.gov.

[2] "CT" refers to the clerk's transcript of the trial court proceedings that was lodged in this Court by Respondent.

appealed the judgment to the Court of Appeal of the State of California, Fifth Appellate District (CCA), which affirmed the judgment in case number F055996 in an opinion filed on June 18, 2009.  (Id.)  Petitioner sought review of the CCA's decision in the California Supreme Court (CSC), which denied the petition for review on August 26, 2009, without a statement of reasoning or authority.  (LD 7, 8.)[3]

II.   Standard of Decision and Scope of Review

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this proceeding.  Lindh v. Murphy, 521 U.S. 320, 327 (1997), cert. denied, 522 U.S. 1008 (1997); Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999).

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000); Wilson v. Corcoran, 562 U.S. –, –, 131 S.Ct. 13, 16 (2010) (per curiam).

Title 28 U.S.C. § 2254 provides in pertinent part:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

---

[3] "LD" refers to documents lodged by Respondent in support of the answer.

3

Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Clearly established federal law refers to the holdings, as opposed to the dicta, of the decisions of the Supreme Court as of the time of the relevant state court decision. Cullen v. Pinholster, - U.S. -, 131 S.Ct. 1388, 1399 (2011); Lockyer v. Andrade, 538 U.S. 63, 71 (2003); Williams v. Taylor, 529 U.S. 362, 412 (2000). A state court's decision contravenes clearly established Supreme Court precedent if it reaches a legal conclusion opposite to, or substantially different from, the Supreme Court's or concludes differently on a materially indistinguishable set of facts. Williams v. Taylor, 529 U.S. at 405-06. A state court unreasonably applies clearly established federal law if it either 1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or 2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable. Hernandez v. Small, 282 F.3d 1132, 1142 (9th Cir. 2002); see, Williams, 529 U.S. at 407. An application of clearly established federal law is unreasonable only if it is objectively unreasonable; an incorrect or inaccurate application is not necessarily unreasonable. Williams, 529 U.S. at 410.

A state court's determination that a claim lacks merit precludes federal habeas relief as long as it is possible that fairminded jurists could disagree on the correctness of the state

court's decision.  Harrington v. Richter, 562 U.S. -, 131 S.Ct. 770, 786 (2011).

### III.  The Trial Court's Failure to Consider Petitioner's Statements as a Motion for Substitution of Counsel

Petitioner argues that the trial court violated his right to the assistance of counsel under the Sixth and Fourteenth Amendments when it failed to consider statements made by Petitioner to the court as a motion for substitution of his appointed counsel.  Petitioner relies on People v. Marsden, 2 Cal.3d 118 (1970), in which the court held that the trial court abused it discretion by denying a defendant's motion for substitution of court-appointed counsel without giving the defendant an opportunity to state the reasons for the request; the court reasoned that a right to appointed counsel includes the right to discharge counsel or to a substitution of alternate counsel if it is shown that failure to do so would substantially impair or deny the right to the assistance of counsel.

### A.  The State Court Decision

The last reasoned state court decision on this issue was the decision of the CCA in Petitioner's direct appeal.[4]

The presumption of § 2254(e)(1) that a state court determination of a factual issue is correct applies to a

---

[4] The last reasoned decision must be identified in order to analyze the state court decision pursuant to 28 U.S.C. § 2254(d)(1).  Barker v. Fleming, 423 F.3d 1085, 1092 n.3 (9th Cir. 2005); Bailey v. Rae, 339 F.3d 1107, 1112-13 (9th Cir. 2003).  Here, the CCA's decision was the last reasoned decision in which the state court adjudicated Petitioner's claim on the merits.  Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim are presumed to rest upon the same ground.  Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).  This Court will thus "look through" the unexplained decision of the California Supreme Court to the CCA's last reasoned decision as the relevant state-court determination.  Id. at 803-04; Taylor v. Maddox, 366 F.3d 992, 998 n.5 (9th Cir. 2004).

statement of facts drawn from a state appellate court's decision. Moses v. Payne, 555 F.3d 742, 746 n.1 (9th Cir. 2009). The following statement of facts and legal analysis is taken from the decision of the CCA in People v. Juvenile Acevedo Lemos, case number F055996:

> On July 1, 2008,FN3 the Kings County District Attorney charged defendant with 23 counts related to child molestation and rape.FN4
>
>> FN3. All date references occurred in the calendar year 2008 unless otherwise stated.
>>
>> FN4. Defendant was assisted by a translator at all hearings.
>
> At the change of plea hearing on August 8, defendant pled guilty to one count of child molestation and one count of rape. Defendant accepted a stipulated sentence on both charges, totaling 18 years, and pled guilty. At that time, the trial court accepted defendant's waiver of various rights.
>
> The following discussion then occurred:
>
> "THE COURT: Do you understand what you're accused of doing in this Information, [defendant]?
>
> "THE DEFENDANT: Yes.
>
> "THE COURT: Have you had sufficient time to think about this, [has] your attorney answer[ed] any questions that you might have concerning this procedure?
>
> "THE DEFENDANT: Yes.
>
> "THE COURT: Any additional questions you want to ask her?
>
> "THE DEFENDANT: No.
>
> "THE COURT: You're satisfied with her services?
>
> "THE DEFENDANT: Yes.
>
> "THE COURT: All right. Other than what's been stated here in court, anybody make any promises to you or extend any benefit to you to get you to change your plea?
>
> "THE DEFENDANT: No.

"THE COURT: Anyone threaten you in any way?

"THE DEFENDANT: No.

"THE COURT: Are you doing this freely and voluntarily, of your own choice?

"THE DEFENDANT: Yes."

At an August 18 hearing, the trial court announced that it was prepared to hold the sentencing hearing, which was scheduled for the following day, if defendant was prepared to waive his right to be sentenced at the later time.

The following colloquy ensued:

"[DEFENSE COUNSEL]: He says today is fine, your Honor.

"THE COURT: Okay. [¶] [Defendant], you'd like to go ahead with the sentencing today?

"THE DEFENDANT: No.

"THE COURT: I don't know whether you understood my question. You seem to have just answered contrary to what your lawyer told me .[¶] Do you want to proceed with the sentencing hearing today or do you want to come back tomorrow?

"THE DEFENDANT: If you want to sentence me today or tomorrow, that's fine. But I'm not going to sign because I feel betrayed.

"THE COURT: I don't know whether that's a waiver or not. If [defendant] doesn't want to be sentenced today we'll bring him back tomorrow.

"THE DEFENDANT: Okay. [¶] I'm not going to sign. If you want to take care of it today that's fine because she told me that she was going to appeal my case.

"THE COURT: Okay. [Defendant] seems-

"THE DEFENDANT: And I have understood that if I sign I cannot appeal my case.

"THE COURT: Nobody's asking you to sign anything at this point, [defendant]. We're just trying to find out whether you're agreeing to be sentenced today. It sounds to me like you are agreeing to that so I'm taking that as apparently a waiver of your right-

"THE DEFENDANT: Yes.

"THE COURT:-to be sentenced tomorrow."

The trial court then entered judgment on the stipulated sentence.

## DISCUSSION

Defendant contends that the trial court erred by failing to inquire after his *Marsden* motion for substitution of counsel. We disagree.

An indigent defendant has a constitutional right to the assistance of appointed counsel for his defense. (U.S. Const., 6th Amend.; *Marsden, supra*, 2 Cal.3d at p. 123.) If a defendant can show that representation by his appointed counsel "' "would substantially impair or deny the right [to have the assistance of counsel]," ' " the court must appoint substitute counsel. (*Marsden, supra*, at p. 123.)

To raise a *Marsden* motion, however, the defendant has a duty to communicate to the court that he desires substitute counsel. *(People v. Lucky* (1988) 45 Cal.3d 259, 281, fn. 8.) Defendant need not make "a proper and formal legal motion, but at least some clear indication ... that he wants a substitute attorney." (*Ibid.*) Defendant's written or spoken statements must be sufficient to put the trial court on notice that he is making a *Marsden* motion. (See *People v. Lucky, supra*, at p. 281; see *People v. Eastman* (2007) 146 Cal.App.4th 688, 695 (*Eastman*).)

For example, in *Eastman*, upon which defendant relies, we reversed the trial court's ruling and found *Marsden* error. (*Eastman, supra*, 45 Cal.3d 688 at p. 695.) There, Eastman submitted a letter asserting that his counsel had failed to adequately represent his interest. (*Ibid.*) "The letter on its face stated *at least one specific factual complaint* about Eastman's appointed attorney: that he was acting in cahoots with the district attorney when they persuaded him to accept the plea bargain by falsely telling him his mother was going to testify against him." (*Ibid.*, italics added.)

When the defendant raises a *Marsden* motion, the trial court is required to inquire as to the basis of the motion. (*People v. Molina* (1977) 74 Cal.App.3d 544, 549 (*Molina*).) "[T]he duty of trial court inquiry into the reasons why a defendant seeks to discharge counsel applies only when the defendant asserts directly or by implication that his counsel's performance has been so inadequate as to deny him his constitutional right to effective counsel." (*Ibid.*) Defendant's statements "must be clear and unequivocal." (*People v. Rivers*

8

(1993) 20 Cal.App.4th 1040, 1051, fn. 7.)

When a defendant contends on appeal that his ambiguous statements of dissatisfaction constituted a Marsden motion, the question is "one of the nature and degree of expression of dissatisfaction which triggers the duty of the trial court to inquire into the defendant's reasons for desiring new counsel." (*Molina*, supra, 74 Cal.3d at p. 549.)

Here, defendant asserts that his remarks at the August 18 hearing should have been understood as a clear statement that appointed counsel "betrayed" him by misrepresenting his ability to appeal following his change of plea. When the court attempted to clarify defendant's statements, which contradicted statements by his counsel, defendant said, "I'm not going to sign because I feel betrayed." After the court attempted to clarify once more, defendant went on to say, "[S]he told me that she was going to appeal my case. [¶] ... [¶] And I have understood that if I sign I cannot appeal my case."

No part of defendant's statements here rose to the level of those made by the defendant in *Eastman*. Defendant's statements failed to set forth any factual complaints about the adequacy of his counsel. Moreover, we cannot say whether defendant's dissatisfaction was even directed at his counsel. In our opinion, these statements informed the trial court only that defendant was dissatisfied with something, and that was not enough. If indeed defendant had been coerced into his change of plea, "betrayed" in some grievous way, or otherwise prejudiced by the inadequacies of his counsel prior to pleading guilty, he could have raised such concerns when they were directly addressed by the court at his August 8 change of plea hearing. Additionally, defendant retained the ability to assert a *Marsden* motion even after the change of plea hearing, and he did not. During its August 18 dialogue with defendant, the court gave him ample opportunity to convey his thoughts, and he failed to do so. The statements that defendant did make failed to rise to the level of the implication required under *Molina.*

We conclude that the trial court did not commit error by failing to treat defendant's vague statements as a *Marsden* motion.

(Ans., doc. 11, 10-12.)

    B.  Analysis

Under § 2254(d)(1), Petitioner is not entitled to relief in

1  this proceeding unless at the time of the state court decision,

2  the Supreme Court had held that under the circumstances, the

3  Sixth and Fourteenth Amendments imposed on the state court the

4  duty to employ the state <u>Marsden</u> procedure to investigate whether

5  Petitioner had cause for substitution of his appointed counsel,

6  or that the trial court's handling of Petitioner's complaints

7  denied Petitioner his right to the effective assistance of

8  counsel.

9       First, to the extent that the <u>Marsden</u> prophylaxis is based

10 on state law, Petitioner has failed to state a claim that would

11 entitle him to relief in a proceeding pursuant to 28 U.S.C.

12 § 2254.  Federal habeas relief is not available to retry a state

13 issue that does not rise to the level of a federal constitutional

14 violation.  <u>Wilson v. Corcoran</u>, 562 U.S. at 16; <u>Estelle v.</u>

15 <u>McGuire</u>, 502 U.S. 62, 67-68 (1991).  Thus, alleged errors in the

16 application of state law are not cognizable in federal habeas

17 corpus.  <u>Souch v. Schaivo</u>, 289 F.3d 616, 623 (9th Cir. 2002).  In

18 a habeas proceeding, this Court is bound by the California

19 Supreme Court's interpretation of California law unless it is

20 determined that the interpretation is untenable or a veiled

21 attempt to avoid review of federal questions.  <u>Murtishaw v.</u>

22 <u>Woodford</u>, 255 F.3d 926, 964 (9th Cir. 2001).

23      Here, there does not appear to be any reason not to apply

24 the basic principle that Petitioner's state law claim does not

25 entitle Petitioner to relief.

26      To the extent that Petitioner bases his claim on the

27 Constitution, the Court has not found any direct precedent from

28 the Supreme Court holding that the Constitution is offended by

1   either the denial of a motion to relieve defense counsel or, more

2   specifically, the failure of a court to interpret a defendant's

3   generalized statements of dissatisfaction with counsel as a

4   motion to substitute counsel.  It is not an unreasonable

5   application of clearly established federal law for a state court

6   to decline to apply a specific legal rule that has not been

7   squarely established by the Supreme Court.  <u>Knowles v.</u>

8   <u>Mirzayance</u>, 556 U.S. 111, 122 (2009).

9       Insofar as Petitioner is arguing that the state court

10  decision violated his underlying right under the Sixth and

11  Fourteenth Amendments to the effective assistance of counsel,

12  Petitioner has not stated facts showing a right to relief

13  pursuant to § 2254.

14      The Supreme Court has held that the right to the assistance

15  of appointed counsel and the principles of substantial equality

16  and fair process entitle a defendant to counsel who functions in

17  the active role of an advocate who can assist the client with

18  honor and without conflict.  <u>Entsminger v. State of Iowa</u>, 386

19  U.S. 748, 751 (1967); <u>Anders v. State of California</u> 386 U.S.

20  738, 744 (1967).  However, a defendant fails to establish a

21  violation of the Sixth Amendment right to counsel absent a

22  showing that counsel actively represented conflicting interests

23  and that it adversely affected the lawyer's performance.  <u>Cuyler</u>

24  <u>v. Sullivan</u>, 446 U.S. 335, 350 (1980).  Further, a trial court

25  has a duty to inquire into a potential conflict of interest only

26  when it knows or reasonably should know that a particular

27  conflict exists.  <u>Id.</u> at 346-47.

28      Absent these requirements, this Court has found no Supreme

11

Court case that holds that the Sixth Amendment is violated when a defendant is represented by a lawyer free of actual conflicts of interest but whom the defendant dislikes or distrusts, or with whom the defendant refuses to cooperate.  See, Plumlee v. Masto, 512 F.3d 1204, 1211 (9th Cir. 2008), cert. den., 553 U.S. 1085 (2008).  The Sixth Amendment requires only competent representation and does not guarantee a "meaningful relationship" between an accused and counsel.  Morris v. Slappy, 461 U.S. 1, 13-14 (1983).

Here, the record is devoid of facts that would have caused the trial court to know or to have reason to know of the existence of either a conflict of interest or any other deficiency that would support a finding of a violation of the right to counsel.  Petitioner did not provide details with respect to his dissatisfaction or request substitution of counsel or any other type of relief.  Thus, the state court's decision finding no duty to hold a Marsden hearing was not contrary to, or an unreasonable application of, clearly established federal law.

In this circuit, it is recognized that a motion to substitute appointed counsel based on an allegation of an irreconcilable conflict implicates a defendant's Sixth Amendment right to counsel.  Schell v. Witek, 218 F.3d 1017, 1023 (9th Cir. 2000).  When such a motion is timely made, a trial court must perform on the record an appropriate inquiry into the grounds for the motion and must resolve the matter on the merits before the case proceeds.  Id. at 1025.  It must be determined whether any conflict between counsel and his client was such that it resulted in a total lack of communication or other significant impediment

12

that resulted in turn in an attorney-client relationship that
fell short of that required by the Sixth Amendment.  Id. at 1026.

Here, the parties have not pointed to any part of the record
that shows either that Petitioner clearly and unambiguously
sought relief with respect to his counsel, or that Petitioner
believed he had grounds to do so.

Petitioner has not alleged any facts that would demonstrate
a conflict of interest.  Petitioner affirmatively expressed
satisfaction with his counsel's representation at the time he
entered his plea, and he further indicated that he was entering a
plea freely and voluntarily.  Throughout the pertinent
proceedings, the record reflects that Petitioner communicated
with his counsel.  Thus, any feeling of betrayal referred to by
Petitioner does not appear to have had any serious effect on the
attorney-client relationship.

In the context of waiving time for sentencing, Petitioner
refused "to sign" because he felt betrayed, and he understood
that if he signed, he could not appeal his case.  It is uncertain
to what Petitioner was referring; however, it appears to relate
somehow to the viability or scope of any right to appeal from the
judgment Petitioner anticipated would be rendered against him
that day.  Nevertheless, when given the opportunity, Petitioner
did not challenge his plea, decline to waive time for sentencing,
or otherwise maintain that progress towards sentencing and
judgment was inappropriate or contrary to his desires.
Petitioner did not say anything that indicated that there was
reason even to suspect a conflict of interest, total breakdown in
communication, or any other problem that would have shown either

1  that counsel was not acting as counsel, or that counsel's

2  representation was defective and caused Petitioner legally

3  sufficient prejudice.

4       Looking more broadly to the Petitioner's right to the

5  effective assistance of counsel, Petitioner has not shown that he

6  was deprived of that right by the state court's decision

7  concerning the trial court's handling of his generalized

8  complaints at the sentencing hearing.  Petitioner has not shown

9  that identified acts or omissions of counsel resulted in

10  counsel's representation falling below an objective standard of

11  reasonableness, that any substandard conduct deprived Petitioner

12  of a fair trial with a reliable result, or that otherwise there

13  was a reasonable probability that but for counsel's

14  unprofessional errors, the result would have been different.

15  See, Strickland v. Washington, 466 U.S. 668, 687-94 (1984).

16       Here, in its decision the state court articulated legal

17  standards that are compatible with Strickland v. Washington and

18  consistent with Cuyler v. Sullivan.  The state court decision was

19  not contrary to, or an unreasonable application of, those

20  standards.

21       It is therefore concluded that Petitioner has not shown that

22  he is entitled to relief pursuant to § 2254.

23       IV.  New Claim in the Traverse

24       Petitioner raises a new claim for the first time in his

25  traverse.  Petitioner argues that he was convicted on the basis

26  of a guilty plea that was the product of the ineffective

27  assistance of counsel.  (Doc. 12, 1.)

28       It is improper to raise substantively new issues or claims

14

in a traverse, and a court may decline to consider such matters;
in order to raise new issues, a petitioner must obtain leave to
file an amended petition or additional statement of grounds.
See, Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994),
cert. den., 514 U.S. 1026 (1995).

Petitioner has not moved to amend the petition; he has not
otherwise justified his failure to raise this contention earlier
in this proceeding.

Further, Petitioner has not shown that he has exhausted his
state court remedies as to such a claim.[5]

Accordingly, the Court will decline to consider Petitioner's
contention that his guilty plea was the product of the allegedly
ineffective assistance of counsel.

In summary, the Court concludes that the state court
decision was not contrary to, or an unreasonable application of,
clearly established federal law.

Accordingly, the petition for writ of habeas corpus will be
denied.

V.  Certificate of Appealability

Unless a circuit justice or judge issues a certificate of
appealability, an appeal may not be taken to the Court of Appeals
from the final order in a habeas proceeding in which the
detention complained of arises out of process issued by a state

---

[5] In the petition for review filed in the California Supreme Court,
Petitioner argued that his expression of dissatisfaction required an inquiry
because if Petitioner had been misled or falsely induced to plead guilty,
neither the guilty plea nor the sentence could stand. (LD 7, 9.)  Further,
Petitioner argued that the California Supreme Court should order the trial
court to hold a Marsden hearing and to determine if Petitioner wished to
withdraw his guilty plea and if such a request were valid.  (Id. at 10.)
However, Petitioner did not claim that his plea was invalid or seek to
withdraw his plea on that ground.

1  court.  28 U.S.C. § 2253(c)(1)(A); <u>Miller-El v. Cockrell</u>, 537

2  U.S. 322, 336 (2003).  A certificate of appealability may issue

3  only if the applicant makes a substantial showing of the denial

4  of a constitutional right.  § 2253(c)(2).  Under this standard, a

5  petitioner must show that reasonable jurists could debate whether

6  the petition should have been resolved in a different manner or

7  that the issues presented were adequate to deserve encouragement

8  to proceed further.  <u>Miller-El v. Cockrell</u>, 537 U.S. at 336

9  (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).  A

10 certificate should issue if the Petitioner shows that jurists of

11 reason would find it debatable whether the petition states a

12 valid claim of the denial of a constitutional right and that

13 jurists of reason would find it debatable whether the district

14 court was correct in any procedural ruling.  <u>Slack v. McDaniel</u>,

15 529 U.S. 473, 483-84 (2000).

16     In determining this issue, a court conducts an overview of

17 the claims in the habeas petition, generally assesses their

18 merits, and determines whether the resolution was debatable among

19 jurists of reason or wrong.  <u>Id.</u>  It is necessary for an

20 applicant to show more than an absence of frivolity or the

21 existence of mere good faith; however, it is not necessary for an

22 applicant to show that the appeal will succeed.  <u>Miller-El v.

23 Cockrell</u>, 537 U.S. at 338.

24     A district court must issue or deny a certificate of

25 appealability when it enters a final order adverse to the

26 applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

27     Here, it does not appear that reasonable jurists could

28 debate whether the petition should have been resolved in a

1  different manner.  Petitioner has not made a substantial showing
2  of the denial of a constitutional right.
3  　　　　Accordingly, the Court will decline to issue a certificate
4  of appealability.
5  　　　　VI.  <u>Disposition</u>
6  　　　　Accordingly, it is ORDERED that:
7  　　　　1)  Connie Gipson, Acting Warden of the California State
8  Prison at Corcoran, is SUBSTITUTED as Respondent; and
9  　　　　2)  The petition for writ of habeas corpus is DENIED; and
10  　　　　3)  The Clerk is DIRECTED to enter judgment for Respondent;
11  and
12  　　　　4)  The Court DECLINES to issue a certificate of
13  appealability.
14  　　　　IT IS SO ORDERED.
15  **Dated:** __**July 25, 2012**__        _____**/s/ Barbara A. McAuliffe**_____
16  　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE
17
18
19
20
21
22
23
24
25
26
27
28